Farhad Sethna, Esq.
Ohio Bar License #0051650
Andrea Aguilar, Esq.
Ohio Bar License #0105590
414 Portage Trail
Cuyahoga Falls, OH 44221
Office (330) 384-8000
fsethna@immigration-america.com
andrea@sethnalaw.com

*Attorney for Petitioner*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **MODESTO RIGUEIRO-ORRUELA GARCIA** )<br><br>Petitioner, )<br><br>v. )<br><br>**ROBERT LYNCH,** Director of Detroit Field Office, U.S. Immigration and Customs Enforcement; **KRISTI NOEM,** Secretary of the U.S. Department of Homeland Security; and **PAM BONDI,** Attorney General of the United States, in their official capacities, )<br><br>Respondents. ) | Case No. _____<br><br>**COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND MANDAMUS RELIEF** |

## INTRODUCTION

1. Comes now, Petitioner, Modesto Rigueiro-Orruela (aka Modesto Garcia) (hereinafter referred to as "Petitioner"), through his attorney of record, and hereby files this motion seeking relief from this court. Petitioner is currently detained at Mahoning County Jail, a

1

contract U.S. Immigration and Customs Enforcement (hereafter ICE or USICE) detention facility located in Youngstown, Ohio, which is located within the jurisdiction of this court.

2.  This suit asks the court to direct ICE and its officials to perform their clear, non-discretionary duty to facilitate Petitioner's biometrics be taken at the USCIS Application Support Center (ASC) in the AJC Federal Building, in Cleveland, Ohio.

3.  Petitioner is a Vietnam-era veteran of the U.S. Marine Corps. He served in Vietnam, where he suffered both physical and mental injuries, including PTSD. He was honorably discharged (Exh A). He returned to the USA, where his only addiction caused him to hallucinate and kill two individuals, one was a drug dealer, and the other, an affiliate. Petitioner served over 45 years in various prisons in the state of Ohio for his crimes. He was recommended for parole on April 14, 2025(see Exh C) and was promptly taken from the prison by ICE for removal and since then remained in ICE custody.

4.  Petitioner has experienced an unreasonable delay in the adjudication of his N600 Application for a Certificate of Citizenship due to the failure of ICE and its officers to transport him to the ASC for his biometrics appointment most recently re-scheduled for August 5, 2025.

5.  Petitioner is eligible for Naturalization under the provisions of INA § 329 (8 U.S.C. 1440) – "Naturalization through Active Duty Service in the Armed forces." (Exh B)

6.  The USCIS first scheduled Petitioner's biometrics on January 3, 2025. The State of Ohio did not take Modesto for his biometrics at the ASC. Thereafter undersigned counsel requested the USCIS set a new biometrics appointment. The USCIS rescheduled the biometrics for May 8, 2025, at the Cleveland ASC. Despite being notified, ICE did not take

Petitioner to the ASC. Counsel once again requested, and the USCIS obliged with a new biometrics notice, this time for August 5, 2025, at the Cleveland ASC. Once again, despite being notified, ICE did not take Petitioner to his biometrics appointment. (collectively, Exh D)

7. In contrast, in the prior months, ICE has taken Petitioner not once, but twice all the way from his detention in Youngstown, Ohio, to the Consulate of Spain in Chicago to apply for his travel documents so that he can be deported to Spain.

8. Hence, Petitioner has exhausted all administrative remedies to no avail.

9. It would appear that ICE is more invested in deporting Petitioner from the USA than in permitting Petitioner to continue through a resolution of the Naturalization process to which he is legally entitled.

10. Accordingly, to vindicate Petitioner's rights, this Court should grant the instant petition for mandamus.

## **JURISDICTION**

11. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1361 (the Mandamus Act), 28 U.S.C. § 1331 (federal question), and 5 U.S.C. § 706(1) (the Administrative Procedure Act).

## **VENUE**

12. Venue is proper because Petitioner is detained by USICE at Mahoning County Jail in Youngstown, Ohio which is within the jurisdiction of this Judicial District.

13. In addition, venue is proper in this District because Respondents are officers, employees, or agencies of the United States and a substantial part of the events or omissions giving

rise to Petitioner's claims occurred in this District, and Petitioner resides in this District. 28 U.S.C. § 1391(e).

## PARTIES

14. Petitioner is subject to removal based on his prior criminal convictions. Petitioner is currently detained by USICE at Mahoning County Jail in Youngstown, Ohio. He is in custody, and under the direct control, of Respondents and their agents.

15. Respondent Robert Lynch is sued in his official capacity as the Acting Director of the Cleveland Field Office of U.S. Immigration and Customs Enforcement. Respondent Lynch is a legal custodian of Petitioner and has authority to release him.

16. Respondent Kristi Noem is sued in her official capacity as the Secretary of the U.S. Department of Homeland Security (DHS). In this capacity, Respondent Noem is responsible for the implementation and enforcement of the Immigration and Nationality Act, and oversees U.S. Immigration and Customs Enforcement. Respondent Noem is a legal custodian of Petitioner.

17. Respondent Pam Bondi is sued in her official capacity as the Attorney General of the United States and the senior official of the U.S. Department of Justice (DOJ). In that capacity, she has the authority to adjudicate removal cases and to oversee the Executive Office for Immigration Review (EOIR), which administers the immigration courts and the BIA.  Respondent Bondi is a legal custodian of Petitioner.

## STATEMENT OF FACTS

18. Petitioner is a 73-year-old citizen of Spain, born on February 14, 1952.

19. Petitioner's father was a US citizen who was originally born of Spanish parents, in the USA. Petitioner's father returned to Spain, got married there, and hence Petitioner was born in Spain.

20. Petitioner was brought to the United States as a child of approximately 1 ½ and admitted with his "green card" as an M-2 classification at New York City, on November 25, 1953 (Exh E).

21. He served honorably in the US Marine Corps from December 31, 1969, to December 17, 1971, during the time of the Vietnam conflict, where he was posted overseas in Vietnam for over 5 months.

22. Petitioner was honorably discharged and decorated with the National Defense Service Medal, Vietnam Service Medal, and the Marksmanship Rifle Badge.

23. In 1979, Petitioner was convicted of murdering two people, and the attempted murder of a third. He was sentenced to 45 years to life in prison.

24. Because of his criminal convictions at trial, Petitioner was ordered deported from the United States in a decision made on November 2, 1990. An appeal was filed with the BIA but dismissed on June 20, 1991.

25. Through his attorney of record, Petitioner filed his N600 Application for a Certificate of Citizenship, which U.S. Citizenship and Immigration Services (USCIS) received on November 18, 2024 (receipt no. IOE0928711940) (Exh F).

26. On December 14, 2024, while Petitioner was detained by the State of Ohio at the Grafton Correctional Institution, USCIS issued an ASC Appointment Notice for Petitioner to have his fingerprints taken at the ASC office in Cleveland, Ohio, on January 3, 2025 at 1PM.

27. Undersigned counsel mailed a letter to the USCIS indicating Petitioner's inability to comply with the biometrics request as a result of his detention by the State of Ohio (See, Exh E) and asked for Biometrics to be rescheduled.

28. On April 18, 2025, USCIS reissued a biometrics notice, set for May 8, 2025 at 9AM, in order to continue processing Petitioner's N600 application.

29. An email to Officer Aaron Roby, deportation officer at ICE, was sent by undersigned counsel on April 28, 2025, requesting arrangements to facilitate biometrics at the ASC for Petitioner so that his application could continue to be processed; however, no response was received and no arrangements were made.

30. Because Defendants failed to take Petitioner to his biometrics appointment, another reissuance of such biometrics was requested by undersigned counsel and was re-set by USCIS on August 5, 2025 at 2PM.

31. A second request by Petitioner's attorney to Officer Roby was made requesting Petitioner's transportation to the USCIS ASC in Cleveland for his biometrics on the N600 application; however, no arrangements were made.

32. A third request by Petitioner's attorney was made to ICE officers on August 12, 2025, but once again, no arrangements were made. Undersigned counsel has one again requested USCIS reschedule Petitioner's biometrics appointment (Exh H).

33. During Petitioner's detention at Mahoning County jail, he has already been taken twice to Chicago to obtain travel documents from the Spanish embassy for his deportation, (per Google maps, a distance of approximately 402 miles), but not one single time has he been

transported to his biometrics appointment at the ASC which has been requested on multiple occasions (per Google maps, a distance of approximately 75.2 miles).

## LEGAL FRAMEWORK

### A. The Mandamus Act

34. Under 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

35. Mandamus relief will be granted if Petitioner can establish that (1) he has a clear right to the relief requested; (2) the defendant has a clear duty to perform the act in question; and (3) no other adequate remedy is available. *Iddir v. INS*, 301 F.3d 492, 499 (7th Cir. 2002).

### B. The Administrative Procedure Act

36. The court is authorized to compel agency action that has been unreasonably delayed under the Administrative Procedure Act. 5 U.S.C. § 706(1).

37. "With due regard for the convenience and necessity of the parties … and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C § 555(b) (emphasis added).

## CLAIMS FOR RELIEF

### COUNT ONE
### Writ of mandamus ordering ICE to transport Petitioner to his ASC appointment

38. Petitioner repeats and realleges the allegations contained in paragraphs 1 through 37 here.

39. ICE has repeatedly failed to make arrangements for Petitioner to be transported to his scheduled biometrics appointment, thereby delaying USCIS' adjudication of Petitioner's N600 application for a certificate of citizenship.

40. USCIS has repeatedly issued biometrics notices for Petitioner, thereby creating a clear right to the relief Petitioner is requesting. Respondent wishes to comply, but the government prevents him from doing so since he is in their custody.

41. Petitioner has a clear right to comply with all requirements set by USCIS to allow the processing of his N600 application. By not allowing or facilitating Petitioner to attend his biometrics appointment, ICE's failure to act is a violation of their duty under 28 U.S.C. § 1361.

42. ICE has a clear duty to perform the act in question. Petitioner is detained at Mahoning County Jail, a facility that is contracted by the Department of Homeland Security to house ICE detainees. Thus, ICE is responsible for Petitioner, thereby creating a clear duty for ICE to attend to Petitioner's request and facilitate the methods for Petitioner's application to be processed timely.

43. Though Petitioner understands that a court generally will not order the defendant to exercise its discretion in any particular manner, the request being sought by Petitioner is not of such nature. Petitioner is not requesting for the court to instruct USCIS how to rule, only that ICE performs its ministerial function to facilitate Petitioner's biometrics be taken at the ASC. *See Silveyra v. Moschorak*, 989 F.2d 1012, 1015 (9th Cir. 1993).

44. Without the collaboration of ICE, Petitioner is unable to comply with the requisites needed for USCIS to make a determination in Petitioner's pending application.

45. ICE has already taken Petitioner twice to the Consulate of Spain in Chicago for his travel documents, but will not take him less than a fifth of the way, just once, to the USCIS ASC in Cleveland for his biometrics, so that USCIS can continue processing his N-600

application.

46. Courts have found government delays unreasonable when the passage of time causes a plaintiff to become ineligible for the relief sought. *See, e.g., Harriott v. Ashcroft*, 277 F. Supp. 2d 538 (E.D. Pa. 2003). Here, the delay by ICE is unreasonable since there is a deadline to be met. USCIS can dismiss the N600 application due to lack of prosecution because of Petitioner's failure to appear to his biometrics appointment. This creates an even greater clear duty on ICE to perform the act in question of making arrangements for Petitioner to attend to his biometrics appointment.

47. No other adequate remedy is available. Petitioner is facing deportation, while an approval of his N600 application is very likely to lead to – at minimum – a stay of deportation from ICE and release from ICE detention. However, without Petitioner's fingerprints taken, his N600 application cannot move forward and USCIS cannot make a decision.

48. Additionally, Petitioner's biometric notices are set for a specific date and time. Meaning that if Petitioner does not show up on said date and time, his application for a certificate of citizenship could be delayed, or worse, be considered abandoned and thus ultimately denied, leaving Petitioner under the threat of an order of deportation.

49. Petitioner, through undersigned counsel, has made several attempts to reach out to ICE and its officers for a solution to his biometrics appointment, however, such requests have borne no fruit. (*See* Ex. C).

**COUNT TWO**
**ICE violated the Administrative Procedure Act by failing to transport Petitioner to his biometrics appointment.**

50. Petitioner repeats and realleges the allegations contained in paragraphs 1 through 49.

51. ICE has been made aware of Petitioner's necessity to attend his biometrics appointment on multiple occasions, through counsel, and not once has ICE taken the steps necessary, much less within a reasonable time, to make such arrangements.

52. ICE has disregarded Petitioner and counsel's request. Nothing has been done to resolve the situation even though USCIS' set deadlines have been communicated to ICE, of the need to transport Petitioner to his biometrics appointments.

## **PRAYER FOR RELIEF**

Wherefore, Petitioner respectfully requests this Court to grant the following:

(1) Assume jurisdiction over this matter;

(2) Issue a writ of mandamus compelling the Defendants to immediately transport Petitioner to the ASC for his biometrics appointment in Cleveland, Ohio.

(3) Declare that ICE's failure to transport Petitioner to his ASC appointment is a violation of Defendant's duty to act under 28 U.S.C. § 1361.

(4) Declare that ICE's failure to transport Petitioner to his ASC appointment is a violation under the Administrative Procedure Act, 5 U.S.C § 555(b).

(5) Grant any further relief this Court deems just and proper.

[signature block on next page]

Respectfully submitted,

*/s/ Farhad Sethna*
Farhad Sethna
Ohio Bar License #0051650
Andrea Aguilar
Ohio Bar License #0105590
414 Portage Trail
Cuyahoga Falls, OH 44221
Office (330) 384-8000
fsethna@immigration-america.com
andrea@sethnalaw.com

*Counsel for Petitioner*

Dated: September 5, 2025